UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EARL WILLIAMS,

Petitioner,

v.

MICHAEL MARTEL,

Respondent.

No.  2:18-cv-2224 KJM DB P

ORDER

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court are petitioner's motion for an evidentiary hearing and respondent's opposition to it.  (ECF Nos. 18, 20).  For the reasons stated below, the court shall deny petitioner's motion.

I.      RELEVANT FACTS

On May 16, 2016, petitioner was sentenced to twenty-five years-to-life for first-degree murder in violation of California Penal Code § 187.  (See ECF No. 1 at 1).  The petition in this matter was filed in August 2018, and the matter has been fully briefed as of November 20, 2019.  (See ECF Nos. 1, 14, 15, 19).  The court is currently in the process of reviewing this matter.

1    **II.    MOTION FOR AN EVIDENTIARY HEARING**

2          **A.    Petitioner's Petition and Motion for Evidentiary Hearing**

3          Petitioner's federal habeas petition raises the following claims:  (1) ineffective assistance

4    of appellate counsel; (2) violation of double jeopardy laws, and (3) state court failure to comply

5    with a district court order which, in 2012, granted an earlier-filed habeas action of petitioner's and

6    directed his release.  (See generally ECF Nos. 1, 14, 19).

7          On November 20, 2019, petitioner's motion for an evidentiary hearing was docketed.

8    (ECF No. 18).  In support of the motion, petitioner alleges that: (1) the state court proceedings

9    "failed to develop the factual basis of claims regarding constructive attachment of jeopardy"; (2)

10   the factual predicate related to one Kelly Babineau acting as an "arm for the prosecution" could

11   not have been discovered through the exercise of due diligence; (3) appellate counsel's decision

12   not to lodge petitioner's pro se pleadings is dispositive on petitioner's Sixth and Fourteenth

13   Amendment claims; (4) respondent has erroneously claimed petitioner participated in different,

14   years-earlier proceedings in district court, and (5) he should be permitted to develop the factual

15   bases of the previous claims because, if proven, he would be entitled to a grant of the writ and the

16   right to a speedy trial.  (See id. at 1-2).

17         **B.    Respondent's Opposition**

18         Respondent contends that petitioner is not entitled to a grant of his motion for an

19   evidentiary hearing because, as detailed in respondent's answer, the three claims in the petition

20   are meritless.  (See ECF No. 20 at 2-3).  Petitioner's first two claims, respondent alleges, are

21   barred by Section 2254(d) because they were rejected on the merits by the state court.  (See id. at

22   2).  In addition, respondent argues, for reasons also detailed in the answer, petitioner's third claim

23   is not cognizable because habeas review is limited to whether petitioner's conviction violated the

24   Constitution, laws or treaties of the United States.  (See ECF No. 14 at 15) (citing Estelle v.

25   McGuire, 502 U.S. 62, 68 (1991)).  In sum, with respect to Claim Three, respondent argues that

26   whether the state court failed to comply with the federal court's grant of petitioner's 2012 writ of

27   habeas corpus does not appear to challenge petitioner's custody by way of his current conviction.

28   (See ECF No. 20 at 2) (citing ECF No. 14).

1    **III.    DISCUSSION**

2          Whether a grant of an evidentiary hearing is in order is determined by 28 U.S.C. §

3    2254(e)(2)(A)-(B).  A prerequisite to a court's grant of such a hearing is an initial determination

4    that petitioner has failed to develop a factual basis for a claim.  See generally 28 U.S.C. §

5    2254(e)(2).  Moreover, the Supreme Court has made clear that when determining whether an

6    evidentiary hearing is warranted under 28 U.S.C. § 2254(e)(2), the court must first consider the

7    standards for habeas relief under section 2254(d).  See Cullen v. Pinholster, 563 U.S. 170, 183

8    (2011) ("'[B]ecause the deferential standards prescribed by § 2254 control whether to grant

9    habeas relief, a federal court must take into account those standards in deciding whether an

10   evidentiary hearing is appropriate.'") (quoting Schiro v. Landrigan, 550 U.S. 465, 474 (2007)).

11   Indeed, if "the state court record precludes habeas relief under Section 2254(d), a district court is

12   not required to hold an evidentiary hearing." Pinholster, 563 U.S. at 183 (citation omitted)

13   (internal quotation marks omitted).

14         As stated earlier, the court is currently in the process of reviewing this matter pursuant to

15   28 U.S.C. § 2254(d), and it has yet to make a determination with respect to either the viability or

16   sufficient factual bases of the claims in petitioner's petition.  As a result, a decision regarding

17   whether an evidentiary hearing is appropriate in this matter is premature at this time.  Therefore,

18   the court shall deny the motion as such.  After the court's review of the parties' pleadings, should

19   it be determined that the factual bases of any of petitioner's claims need further development,

20   either the court will sua sponte order an evidentiary hearing be held, or petitioner may file another

21   motion to request one.

22         Accordingly, IT IS HEREBY ORDERED that petitioner's motion for an evidentiary

23   hearing (ECF No. 18) is DENIED as premature.

24   Dated: November 15, 2020

25

26

27   DLB:13
     DB/ORDERS.ORDERS/PRISONER.HABEAS/will2224.evdhrg.den

28

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE