UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL MARTEL,<br><br>Respondent. | No. 2:18-cv-02224 KJM DB<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is petitioner's motion for reconsideration of the court's order denying his fifth request for an extension of time to file objections. (ECF No. 36.)

The undersigned issued findings and recommendations recommending that the petition be denied on August 4, 2021. (ECF No. 24.) Since that date petitioner has sought and received four extensions of time to file objections. (ECF Nos. 25, 26, 27, 28, 29, 30, 31, 32.) When the third motion for an extension of time was granted, petitioner was advised that absent extraordinary circumstances no further extension of time would be granted. (ECF No. 32.) When petitioner's fourth motion for an extension of time was granted in part, the court again advised no further extensions would be granted absent extraordinary circumstances. Petitioner's fifth motion for an

////

1

extension of time was denied because the undersigned determined that his request failed to show the existence of extraordinary circumstances. (ECF No. 34.)

In support of his motion for reconsideration, petitioner argues that due to COVID-19 restrictions, he and the inmate assisting him, have had a difficult time conducting legal research and writing objections. (ECF No. 36 at 3.) Petitioner further states, that the night before he was supposed to be released from COVID-19 quarantine, an inmate tested positive, causing the quarantine to be extended. (ECF No. 36 at 2.) Petitioner has also stated that he and the inmate assistant have been in "constant communication with attorney Brian M. Pomerantz about the possibility of him taking over this case." (Id.) He requests that the court grant his January 24, 2022, motion for a sixty-day extension of time to file objections.

Under Federal Rule of Civil Procedure 60, reconsideration is appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (1993). Additionally, the local rules state that a motion for reconsideration must demonstrate: "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. Local Rule 230(j)(3), (4).

Petitioner previously cited COVID-19 concerns when seeking prior extension of time. (ECF No. 27 at 1; ECF No. 31 at 1.) These arguments have been raised and considered by the court. Additionally, it has been over six months since the undersigned issued findings and recommendations. In that time, petitioner has submitted five motions seeking an extension of time, as well as the instant motion for reconsideration. Each motion has been neatly written and included citations. Thus, petitioner has failed to show that the current conditions have prevented him from submitting his objections to the court. Accordingly, the motion for reconsideration will be denied.

////

////

2

1    For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's motion for
2 reconsideration (ECF No. 36) is denied.
3 Dated: March 2, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/R/will2224.mtn.recon