UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Earl Williams, | No. 2:18-cv-02224-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Michael Martel, | |
| Defendant. | |

After this court adopted the Magistrate Judge's findings and recommendations and denied petitioner's petition for the writ of habeas corpus, *see* Prior Order (Aug. 19, 2022), ECF No. 45, judgment was entered and the case was closed, *see* J., ECF No. 46. Within a week, petitioner submitted a letter explaining his efforts toward rehabilitation, which the court construed as a motion for reconsideration under Rule 59(e) and denied. *See* Prior Order (Sept. 9, 2022), ECF No. 48. Petitioner now moves for relief from judgment under Rule 60(b). *See* Mot., ECF No. 54. As explained below, the court **denies** the motion.

"Rule 60(b) enumerates specific circumstances in which a party may be relieved of the effect of a judgment, such as mistake, newly discovered evidence, fraud, and the like." *Buck v. Davis*, 137 S. Ct. 759, 771–72 (2017). Local Rule 230(j) requires a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or

were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)–(4).

Petitioner claims two grounds for relief. He argues he is entitled to relief under Rule 60(b)(3) for fraud because the Magistrate Judge's findings fraudulently misrepresent the facts regarding animal hairs found on the victim, since there was allegedly countervailing evidence. *See* Mot. at 3. However, this argument is unpersuasive for a few reasons. First, there is no evidence of fraudulent misrepresentation of the facts by the court. Instead, petitioner points to a summary of evidence quoted directly from the California Court of Appeals decision affirming his conviction. *See People v. Williams*, C082104, 2017 WL 4112241, at *1–2 (Third Dist. Ct App. Sept. 18, 2017). This quote is an accurate representation of what the Appellate Court wrote. Second, petitioner cites allegedly countervailing evidence; however, the court cannot locate this evidence in the record. Third, Rule 60(b)(3) addresses fraud or misconduct "by an opposing party"—not by the court—and petitioner points to no fraudulent conduct by the opposing party. Lastly, petitioner offers no explanation for why this argument could not have been raised earlier, including by objecting to the Magistrate Judge's findings and recommendations.

Petitioner also claims relief under Rule 60(b)(4) because the Magistrate Judge's findings did not "assert a defense" to petitioner's claims as required under Federal Rule of Civil Procedure 12(h). *See* Mot. at 4. Rule 12(h) addresses ways in which a *party* can waive a defense. *See* Fed. R. Civ. Pro. 12(h). The court is not a party to this action. To the extent petitioner intended to seek relief on the basis respondent did not assert a defense to petitioner's habeas petition, the court finds respondent's answer responds to the petition. *See* Answer, ECF No. 14.

For the above reasons, the court **denies** petitioner's motion.

IT IS SO ORDERED.

DATED: January 18, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE